United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-16898-amc |
| Ana L. Vargas | Chapter 13 |
| Debtor(s) | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: Adminstra | Page 1 of 2 |
| Date Rcvd: Nov 04, 2020 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol  Definition**

\+  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 06, 2020:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Ana L. Vargas, 963 Allengrove Street, Philadelphia, PA 19124-2409 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 06, 2020         Signature:         /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 4, 2020 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BRADLY E ALLEN | on behalf of Debtor Ana L. Vargas bealaw@verizon.net |
| KEVIN G. MCDONALD | on behalf of Creditor U.S. Bank N.A. as trustee, on behalf of the J.P. Morgan Mortgage Acquisition Corp. 2006-FRE2 Asset Backed Pass-Through Certificates, Series 2006-FRE2 bkgroup@kmllawgroup.com |
| REBECCA ANN SOLARZ | on behalf of Creditor U.S. Bank N.A. as trustee, on behalf of the J.P. Morgan Mortgage Acquisition Corp. 2006-FRE2 Asset Backed Pass-Through Certificates, Series 2006-FRE2 bkgroup@kmllawgroup.com |
| SCOTT F. WATERMAN (Chapter 13) | ECFMail@ReadingCh13.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2                            User: Adminstra                            Page 2 of 2
Date Rcvd: Nov 04, 2020                         Form ID: pdf900                            Total Noticed: 1
TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ana L. Vargas <br> Debtor | CHAPTER 13 |
| U.S. Bank N.A., as trustee, on behalf of the J.P. Morgan Mortgage Acquisition Corp. 2006-FRE2 Asset Backed Pass-Through Certificates, Series 2006-FRE2 <br> Movant <br> vs. | NO. 19-16898 AMC |
| Ana L. Vargas <br> Debtor | 11 U.S.C. Sections 362 and 1301 |
| Marcos O. Vargas <br> Co-Debtor | |
| Scott F. Waterman, Esquire <br> Trustee | |

CONSENT ORDER ON
MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY

1. The above-styled Motion having been scheduled for a hearing before the Court on **October 28, 2020,** upon Notice of Assignment of Hearing to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2. FURTHER IT IS HEREBY ORDERED that the Motion for Relief from Stay is denied, as the parties herein agree that the interest of Movant is adequately protected by payment and performance as more particularly set forth hereinafter.

3. FUTHER ORDERED that as of **October 14, 2020,** the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| <u>4</u> | July 2020 | Oct. 2020 | $609.01 | $256.71 | $865.72 | $3,462.88 |
| Less post-petition partial payments (suspense balance): | | | | ($327.25) | | |

Total: $3,135.63

4. The arrearage shall be paid as follows:

Debtor is ordered to make the following payments to cure the post-petition arrearage and other amounts owing set forth in paragraph 3:

| Month Stipulation payment due | Monthly Stipulation Payment Amount |
|---|---|
| Nov. 2020 to Mar. 2021 | $522.60 |
| Apr. 2021 | $522.63 |

5. Regular payments in the amount of **$865.72** to be paid on or before **November 1, 2020** and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc. Attn: Remittance Processing P.O. Box 65450 Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtor(s) default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to

BKAO001.N001

Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtor(s), attorney for Debtor(s) and the Trustee, and failure of Debtor(s) to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a motion and affidavit of default, with service upon Debtor(s), attorney for Debtor(s) and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(3) may be waived.

8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor(s), shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor(s) remains in bankruptcy.

9. FURTHER ORDERED that there having been no appearance by the Co-Debtor(s), the Motion for Relief from the Co-Debtor Stay is *granted*.

Dated this 14th day of October, 2020

CONSENTED TO BY:

/s/ **Rebecca A. Solarz, Esquire**
**Attorney for Movant**

BKAO001.N001

_____
Bradly F. Allen, Esquire
Attorney for Debtors

/s/ Ana Vargas

/s/ Polly A. Langdon, Esquire, for
Scott F. Waterman, Esquire
Chapter 13 Trustee

Dated: November 4, 2020

For the Court:

Ashely M. Chan
U.S. Bankruptcy Judge